IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JERMAINE DRAYTON,

  Petitioner,

vs.

STATE OF GEORGIA and WARDEN,
Southeast Probation Detention Center,

  Respondents.

CIVIL ACTION NO.: CV208-169

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jermaine Drayton ("Drayton"), who was formerly incarcerated at the Southeast Detention Center in Claxton, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the probation revocation he obtained in the Glynn County Superior Court. Respondents filed an Answer-Response and a Motion to Dismiss. Drayton filed a Response. For the reasons which follow, Respondents' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Drayton was convicted in the Glynn County Superior Court in 2003 for theft by receiving. Drayton was placed on probation, and his probation was revoked on July 11, 2008, due to Drayton's "failure to pay" and his guilty plea to simple battery. (Doc. No. 11, p. 1). In this petition, which was filed on November 28, 2008, Drayton contends he

was not aware of the revocation proceedings and that he was not given credit for time he served beginning on March 6, 2008.

Respondents contend Drayton's petition should be dismissed due to his failure to exhaust his state remedies.

## DISCUSSION AND CITATION TO AUTHORITY

Respondents assert that the grounds Drayton presents in this petition have not been presented to the Georgia courts and that the State has not had the first opportunity to correct any alleged constitutional violations. Respondents contend that Drayton's allegations about proper credit against his sentence should be brought by a writ of mandamus, which Drayton has not filed. Respondents also contend that, in the event a state habeas corpus petition or mandamus relief were denied to Drayton, he must appeal any adverse ruling to the appropriate Georgia appellate court.

Drayton asserts that he filed a notice of appeal and a motion for mandamus with the Glynn County Superior Court on November 18, 2008. Drayton also asserts that he sent a request for copies to the Georgia Department of Corrections on December 8, 2008. Drayton further asserts that he has made several requests with the Clerk of the Glynn County Superior Court, but he has heard nothing from the clerk's office as of January 12, 2009. According to Drayton, he has done all he could to have his notice of appeal and mandamus motion filed. Drayton alleged that he "will try to seek relief from the Superior Court of Glynn County" and has written a memorandum to Judge Amanda Williams. (Doc. No. 14, p. 2).

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either

on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c). "The exhaustion requirement is grounded in principles of comity and reflects a desire to protect the state courts' role in addressing alleged violations of state prisoners' federal rights." Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). "Although the exhaustion requirement is not jurisdictional, there is a '"strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" Id. (quoting Castille v. Peoples, 489 U.S. 346, 349 (1989)). The Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The Supreme Court stated that this requirement is to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

It is clear Drayton did not exhaust his state court remedies prior to filing this federal habeas corpus petition, nor does he dispute this fact. Drayton's seeming

assertion that, because he has received no response from the Glynn County Superior Court Clerk, he has exhausted his state court remedies is unavailing. See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (noting that the exhaustion of state remedies may be excused in a situation where there has been "unreasonable, unexplained delays in acting on a petitioner's motion for state relief."). Accepting his allegations as true, Drayton filed a notice of appeal and a mandamus motion on November 18, 2008. Drayton filed this petition on November 28, 2008, a mere ten (10) days after he allegedly filed anything in the state court. Drayton has not shown that the state court has unreasonably delayed in ruling on his motion to excuse the exhaustion requirement. See id. (finding a three and one half year delay in the state courts insufficient to excuse exhaustion); cf. Cail v. Smith, 2006 WL 566106, at *4 (S.D. Ga. March 6, 2006) (finding a nine-year plus "standstill" in the petitioner's state case an inappropriate basis upon which to grant the motion to dismiss for failure to exhaust state remedies).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Drayton's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED, this 21st day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE